UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KORI L. LAKE,

        Petitioner,

   v.

JOSEPH LEHMAN,

        Respondent.

Case No.  C04-5644RBL

REPORT AND RECOMMENDATION

Noted for May 13, 2005

This matter has been referred to United States Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrates Rule MJR3 and MJR4.   Petitioner, Kori Lake,  is a state inmate in the custody of the Washington Department of Corrections, and he is seeking federal habeas relief pursuant to 28 U.S.C. § 2254.

Mr. Lake states in his petition that he is challenging a 1999 First Degree Robbery conviction in Grays Harbor County, for which he was sentenced to serve 85 months in prison.  Petition (Doc. 12). However, the specific grounds raised by Mr. Lake do not attack or challenge this conviction.  Instead, Mr. Lake raises issues related to a future potential conviction of Persistent Prison Misbehavior, under RCW 9.94A.070.  Specifically, Mr. Lake raises the following four issues:

1. His Sixth Amendment right to speedy trial was violated after he was found guilty of a Washington Adminstrative Code (WAC) 137-28-260(600) serious infraction which was imposed at Monroe Correction Center, April 2, 2002[1].

---

[1] Mr. Lake has received several serious infractions while in prison, which have presumably been referred to a local prosecutor which could lead to a conviction for Persistent Prison Misbehavior.  *See* discussion below.

REPORT AND RECOMMENDATION
Page - 1

1       2. My Fourteenth Amendment right to due process under the law was violated by my second placement in an Intensive Management Status.

      3. My plea bargain agreement was violated by trial court when I was never forewarned of the fact that if I lost all my early release of the agreed upon term, I could be convicted of an entirely new felony -- RCW 9.94.070 Persistent Prison Misbehavior.

      4. The statute Revised Code of Washington, RCW 9.94.070 felony Persistent Prison Misbehavior is unconstitutionally vague contrary to the Fourteenth Amendment Due Process Clause of the United States Constitution.

      After reviewing the petition, respondent's Answer, and the balance of the record, the undersigned issues this report and recommends that the petition be dismissed for lack of subject matter jurisdiction and for lack of a cognizable claim..

## DISCUSSION

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. <u>Engle v. Isaac</u>, 456 U.S. 107 (1983). Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is **in custody** in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1999)(emphasis added).

Here, respondent, in his Answer to the petition, argues, Mr. Lake is not "in custody" when he is merely challenging a potential future conviction. This court agrees. A district court has subject- matter jurisdiction to entertain a petition for a writ of habeas corpus only if the petitioner is "in custody" when the petition is filed. 28 U.S.C. §§ 2241(c)(3) and 2254(a).

Although Mr. Lake is in custody for a First Degree Robbery conviction from Grays Harbor County, Washington (Exhibit 1), he is not in custody for the future potential conviction of felony Persistent Prison Misbehavior. Mr. Lake has never been charged with, or convicted of, and is not "in custody" pursuant to a felony Persistent Prison Misbehavior conviction. There is absolutely no relationship between Mr. Lake's current first, third, and fourth habeas corpus claims and his current conviction and sentence. As a result, this Court does not have subject matter jurisdiction to consider claims involving Persistent Prison Misbehavior.

REPORT AND RECOMMENDATION
Page - 2

Petitioner's second claim also challenges his future potential conviction for Persistent Prison Misbehavior.  Mr. Lake blames his violent and threatening behavior on prison officials refusal to place him in protective custody or an Intensive Management Unit ("IMU").  As he is again attacking a potential future conviction, the court does not have jurisdiction over this claim.   To the extent Mr. Lake may argue that this claim is related to his current conviction and sentence, the court finds this issue, a challenge to the conditions of his confinement, would be more appropriately raised in a civil rights action.  Badea v. Cox, 931 F.2d 573 (9th Cir. 1991).

## CONCLUSION

Based on the foregoing, the court should find petitioner is not "in custody" to challenge a future potential conviction, and petitioner's second claim is more appropriate for a civil rights action, not a claim for writ of habeas corpus to challenge his current conviction and sentence. Accordingly, the Court should dismiss the petition for writ of habeas corpus for lack of subject matter jurisdiction.

Accordingly, the court should deny the instant petition for writ of habeas corpus and dismiss this matter without prejudice.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 13, 2005**, as noted in the caption.

DATED this 21st day of April, 2005.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge